**Vaichik AGHAJANI, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–73099.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 22, 2005.

Vaichik Aghajani, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Vaichik Aghajani, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *See Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny this petition for review.

The government contends that because Aghajani's opening brief failed to challenge the IJ's denial of asylum based on Aghajani's failure to comply with fingerprint processing requirements, Aghajani has waived the issue. We agree. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996). The IJ's fingerprint processing determination is dispositive of Aghajani's eligibility for asylum.

The government also contends that Aghajani is not eligible for withholding of removal because Aghajani failed to establish a clear probability of persecution on account on account of a protected ground. We agree. *See Navas v. INS*, 217 F.3d 646, 655 (9th Cir.2000) (citing standard); *see also Ochave v. INS*, 254 F.3d 859, 865–66 (9th Cir.2001) (requiring alien to establish nexus between alleged persecution and protected ground for asylum). Even assuming Aghajani was credible, any mistreatment he experienced occurred because of a personal dispute and was not

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

based on an enumerated ground. *See Sangha v. INS*, 103 F.3d 1482, 1491 (9th Cir.1997).

Substantial evidence also supports the BIA's determination that Aghajani failed to establish eligibility for CAT relief. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.